**KONG JIE NI, aka Kong Jie Li, aka Li Kong Jie, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–0771–ag.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

Ramesh K. Shrestha, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Laura M.L. Maroldy, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Kong Jie Ni, a native and citizen of the People's Republic of China, seeks review of a January 17, 2008 order of the BIA denying his motion to reopen. *In re Kong Jie Ni,* No. A079 399 370 (B.I.A. Jan. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Ni's untimely motion to reopen.

Ni argues that the BIA abused its discretion in finding that he failed to demonstrate material changed country conditions or his *prima facie* eligibility for relief where it failed to adequately consider the evidence that he submitted in support of his motion. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while

the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, contrary to Ni's argument, we find that the record does not suggest that the BIA ignored any material evidence that he submitted in support of his motion to reopen. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006); *cf. Jian Hui Shao,* 546 F.3d at 172 (finding no error in the BIA's determination that evidence referencing the family planning policy's mandatory sterilization requirement does not indicate that such sterilization will be performed by force).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).